Case: 1:12-cv-07489 Document #: 22 Filed: 02/22/13 Page 1 of 11 PageID #:50
Case: 1:12-cv-07489 Document #: 18-1 Filed: 02/19/13 Page 1 of 11 PageID #:35

MY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ) ) ) | |
| Plaintiff, ) ) ) | Hon. Judge George M. Marovich<br>Magistrate Judge Martin |
| v. ) ) ) | Case No. 12-CV-7489 |
| ADVENTURES IN LEARNING AURORA, INC., ) )<br>Defendant. ) ) | |

## CONSENT DECREE

**Introduction**

1. Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") filed this action alleging that Adventures in Learning Aurora, Inc. ("AIL" or "Defendant") discriminated against Heather Schleuning ("Schleuning") because of her pregnancy, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. EEOC further alleges that Defendant constructively discharged Schleuning, in violation of Title VII. Defendant filed an Answer denying these allegations.

2. In the interest of resolving this matter and as a result of comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree. This Consent Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the EEOC. This Decree shall not constitute an admission by any party as to the claims and/or defenses of any other party.

## FINDINGS

3. Having carefully examined the terms and provisions of this Consent Decree, and based on the pleadings, records and stipulations of the parties, the Court finds the following:

    a. This Court has jurisdiction of the subject matter of this action and of the parties.

    b. The terms of this Consent Decree are adequate, fair, reasonable, equitable and just. The rights of EEOC, Schleuning, AIL, and the public interest are adequately protected by this Consent Decree.

    c. This Consent Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. The entry of this Consent Decree will further the objectives of Title VII and will be in the best interests of the parties, Schleuning and the public.

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

## INJUNCTION AGAINST EMPLOYMENT DISCRIMINATION

4. AIL, its officers, agents, employees, successors, assigns and all persons acting in concert with it are permanently enjoined from discriminating against any employee on the basis of sex, female (pregnancy).

## NON-RETALIATION

5. AIL, its officers, agents, employees, successors, assigns and all persons acting in concert with it are permanently enjoined from engaging in any form of retaliation against any person who has opposed any policy or practice made unlawful under Title VII, has filed a charge with EEOC, or because of the person's participation in or cooperation with, the initiation,

investigation, litigation, resolution and/or administration of any case under Title VII or asserted rights under this Consent Decree.

## MONETARY RELIEF

6. To resolve the claims in this litigation, AIL has paid $ 31,000.00 to Schleuning.

7. EEOC will mail a copy of the Release Agreement (attached hereto as Exhibit A) to Schleuning, and she will execute and return the release agreement to EEOC. EEOC will send AIL the executed release agreement.

8. Within five (5) business days after receipt by AIL of the signed Release Agreement, AIL shall issue and mail by certified mail to Schleuning a cashier's check in the amount set forth above in ¶ 6. EEOC shall provide AIL with the current address for Schleuning. AIL will also send a copy of the check to EEOC.

## POSTING OF NOTICE

9. No later than March 13, 2013, AIL shall post a same-size copy of the Notice attached as Exhibit B to this Consent Decree in a location at AIL's 758 Shoreline Drive, Aurora, Illinois facility, where notices to employees and applicants for employment at such facility are normally posted. The Notice shall remain posted until that date which is two (2) years from the date of entry of this Consent Decree. AIL shall take all reasonable steps to ensure that its posting is not altered, defaced or covered by any other material. AIL shall certify to the EEOC in writing within ten (10) days after the date of such posting that the copy of the Notice has been properly posted. AIL shall permit a representative of the EEOC to enter its premises for purposes of verifying compliance with this Paragraph at any time during normal business hours.

## RECORD KEEPING

10. For a period of two (2) years following entry of this Consent Decree, AIL shall document and maintain and make available for inspection and copying by the EEOC records of each complaint of sex discrimination relating to pregnancy (whether written or oral) received by AIL at its 758 Shoreline Drive, Aurora, Illinois facility. The documents required to be maintained under this Paragraph shall include the name, address, social security number and telephone number of the complainant, the date of the report or complaint, all facts that were alleged, the name(s) of any witnesses, what actions, if any, AIL took to resolve the complaint, and the resolution of the report or complaint.

11. AIL shall make all documents or records referred to in paragraph 10, above, available for inspection and copying within ten (10) business days after the EEOC so requests. In addition, AIL shall require personnel within its employ whom EEOC reasonably requests for purposes of verifying compliance with this Consent Decree to cooperate with EEOC and to be interviewed and shall permit a representative of the EEOC to enter its premises for such purposes.

## REPORTING

12. AIL shall furnish to the EEOC the following written reports semi-annually for a period of two (2) years following entry of this Consent Decree. The first report shall be due six (6) months after entry of this Consent Decree. The final report shall be due twenty-three (23) months after entry of the Decree. Each such report shall contain (a) the information required to be maintained pursuant to paragraph 10, above, and (b) a certification by AIL that the Notice required to be posted pursuant to paragraph 9, above, remained posted during the entire six (6) month period preceding the report.

4

## DEFENDANT SHALL ADOPT AND MAINTAIN A POLICY PROHIBITING PREGNANCY DISCRIMINATION

13. Defendant shall adopt and maintain a policy prohibiting pregnancy discrimination within thirty (30) calendar days after entry of this Decree, which shall include, at a minimum, a provision that employees can complain of pregnancy discrimination and/or retaliation to any person in the chain of command above the employee.

14. The inclusion of this paragraph in the Decree does not represent EEOC's or the Court's approval of Defendant's policy against pregnancy discrimination and retaliation.

15. Within thirty (30) calendar days after entry of this Decree, Defendant shall distribute a copy of the policy to all current employees. Seven (7) days prior to this distribution, Defendant shall provide a copy of the policy to EEOC.

16. The policy shall be included in any relevant policy or employee manuals kept by Defendant. The policy shall also be posted in conspicuous and accessible places for all employees of Adventures In Learning Aurora, Inc.

17. A copy of the policy shall be distributed to each new employee on the day the employee is hired. The manager responsible for distributing the policy to each new employee shall review the contents of the policy with the employee.

## TRAINING

18. During each of the two (2) years covered by this Decree, all of AIL's employees, including all owners and managers, at its Aurora, Illinois facility shall participate in an annual training session by a trainer paid for by AIL and approved by EEOC regarding sex discrimination, including discrimination based on pregnancy, and AIL's policies regarding such discrimination. All current human resources employees who are in any way involved in the operation of AIL's 758 Shoreline Drive, Aurora, Illinois facility shall also participate in such

5

training, and any new human resources employee shall receive such training prior to starting work. The first training shall take place within ninety (90) days of entry of this Consent Decree.

19. AIL shall obtain EEOC's approval of its proposed trainer prior to the training session. AIL shall submit the name, address, telephone number, resume and training proposal of the proposed trainer, including all proposed training materials, to EEOC at least fifteen (15) business days prior to the proposed date(s) of the training. EEOC shall have five (5) business days from the date of receipt of the information described above to accept or reject the proposed trainer. In the event EEOC does not approve AIL's designated trainer, AIL shall have five (5) business days to identify an alternate trainer. EEOC shall have five (5) business days from the date of receipt of the information described above to accept or reject the alternate trainer. If the parties cannot through this process agree on a trainer, then they may seek the Court's assistance under ¶ 17.

20. AIL shall certify to EEOC in writing within five (5) business days after the training has occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the date, location and duration of the training; and (ii) a copy of the registry of attendance, which shall include the name and position of each person in attendance.

21. AIL shall also provide EEOC with any and all copies of pamphlets, brochures, outlines or other written material(s) provided to the participants of the training session(s).

## DISPUTE RESOLUTION

22. In the event that either party to this Consent Decree believes that the other party has failed to comply with any provision(s) of the Consent Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying

party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

### DURATION OF DECREE AND RETENTION OF JURISDICTION

23. All provisions of this Consent Decree shall be in effect (and the Court shall retain jurisdiction of this matter to enforce this Consent Decree) for a period of two (2) years immediately following entry of the Consent Decree, provided, however, that if, at the end of the two (2) year period, any disputes under ¶ 17, above, remain unresolved, the term of the Consent Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Consent Decree) until such time as all such disputes have been resolved.

### MISCELLANEOUS PROVISIONS

24. Each party to this Consent Decree shall bear its own expenses, costs and attorneys' fees.

25. The terms of this Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of AIL. AIL, and any successor(s) of AIL, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with AIL, or any successor of AIL, prior to the effectiveness of any such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Consent Decree.

26. If any provision(s) of the Consent Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Consent Decree shall remain in full force and effect.

27. When this Consent Decree requires the submission by AIL of reports, certifications, notices or other materials to the EEOC, they shall be mailed to: AIL of Aurora, Inc., Title VII Settlement, Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2000, Chicago, Illinois 60661. When this Consent Decree requires submission by the EEOC of materials to AIL they shall be mailed to: Chris Lyons of Peters & Lyons, Ltd., 7035 Veterans Blvd, Suite B, Burr Ridge, Illinois 60527.

For the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
(312) 869-8103

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN REAMS
Associate General Counsel

John C. Hendrickson
Regional Attorney

Diane I. Smason
Supervisory Trial Attorney

June Wallace Calhoun
Trial Attorney

Jeanne B. Szromba
Trial Attorney

ENTER:

Hon. Judge George M. Marovich
United States District Court

For AIL, INC.

By One of its Attorneys

Chris Lyons
Donald Peters, Jr.
Peters & Lyons, Ltd.
7035 Veterans Blvd., Ste. B
Burr Ridge, IL 60527
(630) 887-6900
clyons@peterslyons.com

Dated: 2/22/13

9

## EXHIBIT A

## RELEASE AGREEMENT

I, Heather Schleuning, in consideration for $31,000.00 paid to me by Adventures In Learning Aurora, Inc., in connection with the resolution of *EEOC v. Adventures In Learning Aurora, Inc.*, No. 12 C 7489 (N.D. Ill.), hereby waive my right to recover for any claims of sex discrimination based on pregnancy under Title VII of the Civil Rights Act of 1964, as amended, that I had against Adventures In Learning Aurora, Inc. prior to the date of this release and that were included in the claims alleged by EEOC in its Complaint in *EEOC v. Adventures In Learning Aurora, Inc.* No. 12 C 7489 (N.D. Ill).

_____          _____
Date                                 Heather Schleuning
                                     8242 Block Road
                                     Yorkville, IL 60560-9737

**EXHIBIT B**
**NOTICE TO ALL EMPLOYEES AND APPLICANTS OF**
**ADVENTURES IN LEARNING OF AURORA, INC.**

This Notice is being posted pursuant to a Consent Decree entered by the federal court in EEOC v. Adventures In Learning Aurora, Inc., No. 12 C 7489 (N.D. Ill.), resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Adventures In Learning Aurora, Inc. ("AIL").

In its suit, the EEOC alleged that AIL discriminated against a female employee at its 758 Shoreline Drive, Aurora, Illinois facility on the basis of her sex, female (pregnancy), in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). AIL filed an Answer denying these allegations.

To resolve the case, AIL and EEOC have entered into a Consent Decree which provides, among other things, that:

1) AIL will pay monetary relief of $ 31,000.00 to the aggrieved employee;

2) AIL is enjoined from discriminating against any employee on the basis of her sex.

3) AIL is enjoined from retaliating against any person because (s)he opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree; and

4) AIL will provide mandatory training to employees regarding sex discrimination, and AIL's policies regarding such discrimination.

EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may contact EEOC at (312) 869-8000. EEOC charges no fees and has a TTD number.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

This Notice must remain posted for two (2) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: June Wallace Calhoun, EEOC, 500 West Madison Street, Suite 2000, Chicago, IL 60661.

2/22/13
Date

Hon. Judge George M. Marovich
United States District Court

11